IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

SHERI ZUWICK,

    Plaintiff,

vs.   Case No.: 53-2008CA-003700-0000-00
        SEC-11

WH CANES #1, LLC. d/b/a
HURRICANE GRILL AND WINGS;
And F & B MASTER LLC.

RETURNED

MAY 01 2008

CLERK CIRCUIT COURT
POLK COUNTY

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, SHERI ZUWICK, by and through undersigned counsel, hereby sues Defendants, WH CANES #1, LLC. d/b/a HURRICANE GRILL AND WINGS ("HGW") and F & B MASTER LLC., ("FBM"), and states the following:

    1.    This is an action for damages that are in excess of $15,000.

    2.    At all material times described below, Defendant HGW, was and is a corporation duly organized and incorporated under the laws of the State of Florida conducting business at 6730 Cypress Gardens Blvd., Winter Haven, Florida 33880, in Polk County Florida.

    3.    At all material times described below, Defendant FBM, was and is a corporation duly organized and incorporated under the laws of the State of Florida conducting business at 6039 Cypress Gardens Blvd., Suite 412, Winter Haven, Florida 33884, in Polk County Florida.

    4.    At all material times described below, Defendants jointly owned and operated HGW, FBM, along with other enterprises and/or entities all of which were conducting business in Polk County, Florida during Plaintiff's employment period.

1

5. Defendant HGW and FBM each shared common management, and directors, enjoyed centralized control of labor relations and personnel and had common ownership and/or financial control of various enterprises.

6. At all material times described below, Defendants employed individuals who had actual authority or apparent authority to act as Plaintiff's supervisor. As such, these employees affected decisions to hire, fire, promote, demote, award, and/or discipline Plaintiff, and Defendants are responsible for their conduct in connection with the exercise of this authority, both actual and apparent.

7. Plaintiff was an employee of Defendants for well over a year when she requested leave under the FMLA, was approved for same, and then was constructively discharged when the Defendants refused to return her to her previous position.

8. On or about July 17, 2007, Plaintiff gave birth to her first child and was approved for and took six weeks of maternity leave.

9. Plaintiff attempted to return to work, unfortunately Defendants refused to return her to her previous position at her pre-pregnancy schedule. In fact, Defendants refused to place Plaintiff back on the schedule.

10. However, by availing herself of the above-described medical leave, Plaintiff was exercising her lawfully protected rights to medical leave which she is entitled to under the Family and Medical Leave Act of 1993 (the FMLA), 29 U.S.C. §§ 2601 - 2654.

11. At the time of her constructive discharge and at the present time, Plaintiff was and is qualified for her position with the company that she held with Defendants in that she was and now is capable of performing the essential functions of her position, or she was qualified to assume another

Case 8:08-cv-01100-RAL-TGW    Document 2    Filed 06/05/08    Page 3 of 6

position with the Defendants at the time of her termination.

12. At the time of his termination, Plaintiff was an eligible employee as defined by 29 U.S.C. § 2611(2) of the FMLA, in that she was employed for at least 12 months by the Defendant for at least 1,250 hours of service with the Defendant during the previous 12-month period prior to attempting to exercise her rights under the FMLA. In addition, Plaintiff was employed at a worksite at which the Defendants employed 50 or more employees within 75 miles of that worksite.

13. Defendants are an employer as defined by 29 U.S.C. § 2611(4) of the FMLA in that the Defendants are engaged in commerce or in an industry or activity affecting commerce which employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

14. The Defendants has employees including Plaintiff subject to the provisions and protections of the FMLA in the facility where Plaintiff was employed.

15. Plaintiff was entitled to medical leave under the FMLA pursuant to 29 U.S.C. § 2612(a)(1)(D) because she gave birth to a daughter and needed to care for her daughter.

16. Plaintiff's above-mentioned medical leave was covered under the FMLA, and her rights to lawfully utilize her above-mentioned medical leave without retaliation from her employer, the Defendant are protected under the FMLA.

17. Defendant failed to timely communicate and provide Plaintiff with the legally required FMLA notifications, including timely notification of Plaintiff's rights and protections under the FMLA, as well as timely notification of the FMLA leave designations to Plaintiff.

18. Prior to filing this action, Plaintiff has satisfied all conditions precedent under the FMLA and this action, and she has timely filed this action under the FMLA.

19. As to Defendants' dealings with the Plaintiff, Defendants unlawfully violated the FMLA, and is liable thereto, in the following ways:

   (a) Defendants unlawfully denied or otherwise interfered with Plaintiff's statutory rights or entitlements under the FMLA;

   (b) Defendants unlawfully failed to comply with their legal obligations to Plaintiff under the FMLA and its implementing regulations;

   (c) Defendants unlawfully discharged Plaintiff from employment; and/or,

   (d) Defendants unlawfully retaliated against Plaintiff for engaging in activity protected by the FMLA.

19. Defendants through its managerial employees acted with recklessness, malice, without good faith and without reasonable grounds in its dealings with Plaintiff regarding the FMLA.

20. Defendants willfully interfered with, denied or violated Plaintiff's FMLA rights, entitlements and protections.

21. Defendant engaged in the above-stated actions against Plaintiff with reckless indifference to Plaintiff's statutorily protected rights under the FMLA.

22. As a direct result of the above-stated actions by the Defendant, Plaintiff was injured in that she suffered loss of employment, lost wages, lost future wages, lost employment benefits, other lost compensation and actual monetary losses.

23. As a direct result of the above-stated actions by the Defendants of lack of good faith, lack of reasonableness, willfulness or reckless indifference in their dealings with the Plaintiff regarding the FMLA, the Plaintiff was injured for which she is entitled to liquidated damages.

24. As a result of the above-stated wrongful and illegal actions by the Defendant, Plaintiff

has retained the undersigned lawyer to seek civil penalties and compensation against the Defendants, and to deter the Defendants, and others like them, from engaging in similar unlawful actions in the future against Florida's workers.

## COUNT I (HGW) VIOLATION OF
## THE FAMILY AND MEDICAL LEAVE ACT

25. Plaintiff incorporates and realleges paragraphs one through twenty-three as if set forth in full herein.

26. Defendant above-stated actions are in violation of Plaintiff's rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et. seq., and Defendant is liable thereto.

27. As a direct and proximate result of the above-stated acts by Defendant, Plaintiff was injured in that she suffered loss of employment, lost wages, lost future wages, lost employment benefits, other lost compensation and actual monetary losses.

WHEREFORE, Plaintiff demands judgment against Defendant and requests an award of lost wages, lost future wages, lost employment benefits and other lost compensation and actual monetary losses, an award of interest, an additional award of liquidated damages equal to the sum of the total amount of the aforementioned damages, an award of attorney's fees including litigation expenses and costs, and such other and further equitable relief, including employment, reinstatement, and promotion, as this Court deems just and proper.

## COUNT II (FBM) VIOLATION OF
## THE FAMILY AND MEDICAL LEAVE ACT

28. Plaintiff incorporates and realleges paragraphs one through twenty-three as if set forth in full herein.

29. Defendant above-stated actions are in violation of Plaintiff's rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et. seq., and Defendant is liable thereto.

30. As a direct and proximate result of the above-stated acts by Defendant, Plaintiff was injured in that she suffered loss of employment, lost wages, lost future wages, lost employment benefits, other lost compensation and actual monetary losses.

WHEREFORE, Plaintiff demands judgment against Defendant and requests an award of lost wages, lost future wages, lost employment benefits and other lost compensation and actual monetary losses, an award of interest, an additional award of liquidated damages equal to the sum of the total amount of the aforementioned damages, an award of attorney's fees including litigation expenses and costs, and such other and further equitable relief, including employment, reinstatement, and promotion, as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable by jury.

Filed this 29th day of April, 2008.

By_____
Sanga Turnbull, Esq
Florida Bar Number 0585327
Hardaway Turnbull Law Firm
310 East Main Street
Bartow, Florida 33830
Telephone: (863) 533-0000
Facsimile: (863) 533-9235
Attorney for Plaintiff